[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11404; 19-11406
Non-Argument Calendar

_____

D.C. Docket Nos. 1:18-cr-20912-CMA-2; 1:18-cr-20912-CMA-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN DANIEL GONGORA BALTAN,
MIGUEL SALAS VALLECILLA,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 25, 2020)

Before WILLIAM PRYOR, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Edwin Gongora Baltan and Miguel Salas Vallecilla appeal their respective below-guideline sentences of 96 months and 92 months of imprisonment for conspiring to possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70506(b). Gongora and Salas challenge the enhancement of their sentences for exporting cocaine, United States Sentencing Guideline Manual § 2D1.1(b)(3)(B) (Nov. 2018), and, for the first time, argue that the district court *sua sponte* should have both invoked the doctrine of judicial estoppel and applied the rule of lenity to bar application of the enhancement. Gongora and Salas also each argue that they are entitled to a reduction for their minor role. *Id.* § 3B1.2. We affirm Gongora's and Salas's sentences.

The district court did not clearly err by enhancing Gongora's and Salas's sentences for exporting cocaine. The Guidelines provide for a two-level increase in a base offense level "[i]f the defendant unlawfully imported or exported a controlled substance under circumstances in which . . . a submersible vessel or semi-submersible vessel was used . . . ." U.S.S.G. § 2D1.1(b)(3)(B). That provision plainly applies to Gongora and Salas. *United States v. Gordillo*, 920 F.3d 1292, 1297 (11th Cir.) ("When interpreting the Guidelines, a 'guideline's meaning is derived first from its plain language . . . ."), *cert. denied*, 140 S. Ct. 294 (2019). Gongora and Salas testified that they received large sums of money to perform

specific jobs on a semi-submersible low-profile vessel that departed from Columbia loaded with cocaine to deliver to Guatemala. The Oxford English Dictionary defines "export" as "[t]o carry (things or persons) out of a place; to take away, carry off." Export, *The Oxford English Dictionary* (online ed.). The two men exported or transported cocaine out of Columbia when the United States Coast Guard intercepted their vessel in international waters south of Guatemala. *See United States v. Chastain*, 198 F.3d 1338, 1353 (11th Cir. 1999) ("the language [in former section 2D1.1(b)(2)] of the guideline clearly contemplates a completed event"). Gongora's and Salas's exportation of cocaine in furtherance of the conspiracy constituted relevant conduct that the district court could consider in determining their sentences. *See* U.S.S.G. § 1B1.3(a). The district court did not clearly err when it applied the two-level enhancement.

The district court did not plainly err by failing *sua sponte* to invoke the doctrine of judicial estoppel to bar the government from requesting an exportation enhancement for Gongora and Salas. A district court may apply judicial estoppel to prevent a party from assuming contrary positions in different proceedings. *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001). Gongora and Salas argue that judicial estoppel applied because, in an unrelated criminal case, the government had joined initially, but later disavowed, a defendant's objection to applying the import/export enhancement to his sentence for conspiring to distribute cocaine on

3

the ground that no importation actually occurred. *United States v. Renteria Granados*, No. 1:13-cr-20801 (S.D. Fla.). Because the government reversed course in *Renteria Granados* and the district court "construe[d] the Government's position to be that in any future sentencings, U.S.S.G. § 2D1.1(b)(3), may be applicable," no "clear inconsistency" existed to apply the doctrine of judicial estoppel, *see New Hampshire*, 532 U.S. at 750. Gongora and Salas fail to prove that the district court committed an "error that . . . [is] clear and obvious" by applying the enhancement to them. *See United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019).

The district court also did not err by failing to apply the rule of lenity when interpreting section 2D1.1(b)(3). Even if we were to assume that the rule of lenity applies to the advisory Sentencing Guidelines, it does not apply to section 2D1.1(b)(3). *See United States v. Watts*, 896 F.3d 1245, 1255 (11th Cir. 2018) ("Whether the rule of lenity can be applied to the non-statutory advisory Sentencing Guidelines is an open question upon which this Court has cast doubt . . . ."). "The rule of lenity is a canon of statutory construction that requires courts to construe ambiguous criminal statutes narrowly in favor of the accused." *Id.* (quoting *United States v. Wright*, 607 F.3d 708, 716 (11th Cir. 2010) (William Pryor, J., joined by Fay, J., concurring)). Because section 2D1.1(b)(3) is unambiguous, Gongora and Salas cannot establish that the district court erred.

4

The district court did not clearly err by denying Gongora a two-level reduction for a minor role. For the reduction to apply, Gongora had to prove he was "less culpable than most other participants in the criminal activity, but [his] role could not be described as minimal," U.S.S.G. § 3B1.2 cmt. n.5, by being "among the least culpable of those involved in the conduct of a group," *id.* § 3B1.2 cmt. n.4. During a five-hour sentencing hearing, the district court received testimony from the four conspirators on the vessel. Gongora testified that he oversaw the service of and repairs to the vessel and navigated it when the captain required rest. That Gongora did not organize the conspiracy or plan the details of the trip does not mean his role was minor. His ability to perform essential functions on the vessel established that he served an indispensable role in the conspiracy.

The district court also did not clearly err by denying Salas a minor role reduction. *See id.* § 3B1.2 cmt. n.4 & 5. Salas served as lookout for law enforcement and pirates, assisted with repairing and maintaining the engine on the vessel, and periodically assumed Gongora's role as supervising mechanic. Salas served a key role to ensure that the conspiracy delivered the cocaine.

We **AFFIRM** Gongora's and Salas's sentences.

5